### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

    v.

TOPEKA & SHAWNEE COUNTY PUBLIC LIBRARY, *et al.*,

    Defendants.

Case No. 24-4117-TC-BGS

## **MEMORANDUM & ORDER ON DEFENDANT'S MOTION TO STRIKE**

Defendant Topeka & Shawnee County Public Library (hereinafter "Defendant") brings the present motion asking for a portion of Plaintiff's Complaint to be stricken. (Doc. 6.) For the reasons set forth herein, Defendant's motion is **DENIED**.

In its succinct motion, Defendant indicates that ¶ 7 of Plaintiff's Complaint references a video recording of events that is incorporated by reference; also attached to the Complaint is a sworn statement from Plaintiff. (Doc. 6, at 1, referencing Doc. 1.) Defendant complains that "[n]o video recording is attached to the Complaint, therefore denying [Defendant] the opportunity to answer the allegations in the Complaint that rely on the video." (Doc. 6, at 1.)

Defendant asserts that Plaintiff's attached sworn statement

> is not verified, not sworn, contains over 33 single-spaced pages relating to events totally not related to the events of August 30, 2025, nor the Counts spread in the Complaint. Instead, the statement relates to the Plaintiff's behavior and experiences at the Topeka Police Department and/or Shawnee County Department of Corrections beginning June 14, 2025, and after September 5, 2025.

(*Id.*, at 2.) Defendant is, however, at least partially incorrect as the first paragraph of Plaintiff's sworn statement specifically says: "I declare under penalty of perjury that the foregoing is true and correct." (Doc. 1, at 14.)

Defendant continues that "[p]ursuant to F.R.C.P. 12(f)[,] the statement from the Plaintiff must be stricken as immaterial and an impertinent matter to the facts and issues of the Complaint." (Doc. 6, at 2.) Defendant's statement is entirely conclusory as its motion does not discuss or analyze *how* the matter at issue is immaterial or impertinent.

Plaintiff, on the other hand, responds that his sworn "statement describes the events depicted on the video and provides a first person evidentiary account of the August 30, 2025 incident, as well as related facts relevant to motive, pattern, and municipal custom. The sworn statement supplies precisely the factual detail Rule 8 contemplates, even though the video itself cannot yet be conventionally filed." (Doc. 8, at 2.)

Under Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Rajala v. McGuire Woods, LLP*, No. 08-02638-CM-DJW, 2011 WL 91948, at *2 (D. Kan. Jan. 11, 2011) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

That stated, the striking of allegations is a "drastic remedy." *Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213, 1215 (D.Kan.1998) (citations omitted). Thus, motions to strike are "generally disfavored … ." *Rajala*, 2011 WL 91948, at *2 (citations omitted). The Court has discretion to decide whether to strike a matter under Rule 12(f). *Sawo v. Drury Hotels Co., LLC*, No. 11-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011). Further, "any doubt concerning the import

of the allegations to be stricken weighs in favor of denying the motion to strike.'" *Rajala*, 2011 WL 91948, at *2 (citation omitted).

The party moving to strike material from a pleading "has a 'demanding burden' to show adequate grounds under Rule 12(f)." *Sawo*, 2011 WL 3611400, at *2. Rule 12(f) presents two premises for striking an allegation from a pleading. First, and inapplicable here, a defense may be stricken as insufficient "if it cannot succeed, as a matter of law, under any circumstances." *Rajala v. McGuire Woods, LLP*, No. 08-02638-CM-DJW, 2011 WL 91948, at *2 (D. Kan. Jan. 11, 2011) (citing *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648–49 (D. Kan. 2009)) (other internal citations omitted). Second, an allegation may be stricken if it "is considered redundant, immaterial, impertinent, or scandalous if it is 'so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and ... [its] presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Id.* (citing *Youell v. Grimes*, No. 00–2207–JWL, 2001 WL 121955, at *2 (D. Kan. Feb. 8, 2001)) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at 650 (2d ed.1990)).

To be considered "immaterial," matter in a pleading must be "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004). There are instances in this District in which a court has stricken something as immaterial when the court considers that it may also be prejudicial. *Northern Natural Gas Co. v. L.D. Drilling Co., Inc.*, No. 08-1405-JTM, 2017 WL 1048365, at *2 (D. Kan. Mar. 20, 2017) (finding that striking material per Rule 12(f) should occur "only when the material may be prejudicial to a party and lacks any possible relation to the controversy") (internal quotations and citations omitted). "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Foster v. Pfizer Inc.*, No. 00–1287–

3

JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000).  "Allegations should be stricken as scandalous only if they are irrelevant and 'degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court.' " *Dean*, 2004 WL 3202867, at *1.

Given that courts generally disfavor the drastic remedy of striking material from a pleading, discussed *supra*, the Court finds that Defendant has not met the requisite high burden imposed on the party moving to strike.  As previously stated, Defendant's motion relies on conclusory statements rather than including a substantive discussion as to how the information is immaterial or impertinent.

Further, Plaintiff correctly asserts that he was unable to "attach" a video file in the Court's CMECF docketing system.  Instead, he indicates he would seek leave to subsequently file the video conventionally, if necessary.  (Doc. 8, at 1.)  As Plaintiff correctly argues, "[l]itigants routinely plead the existence of recordings, photographs, and documents without attaching them, and the proper mechanism for obtaining such evidence is discovery, not a Rule 12(f) motion. The Complaint identifies the video and incorporates it by reference, which is all that is required at the pleading stage."  (*Id.*, at 1-2.)  Defendant's motion (Doc. 6) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 29th day of January, 2026.

/s/ Brooks G. Severson
BROOKS G. SEVERSON
U.S. Magistrate Judge

4