**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JUSTIN SPIEHS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:25-cv-04117-TC-BGS** |
| | ) | |
| **MELISSA STIEHLER, et al** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MELISSA STIEHLER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Melissa Stiehler ("Stiehler") submits this Memorandum in Support of her Motion to Dismiss the claims against her in Plaintiff's Complaint (ECF No. 1) pursuant to Fed. R. Civ. Pro. 12(b)(6). The utterly frivolous claims against Stiehler depend entirely on her being a state actor for purposes of the First Amendment and claimed 42 U.S.C. § 1983 violations. Stiehler is no such state actor. She is a private citizen, working for a private agency, who merely served as an event host at an otherwise designated public forum.

While this alone should be enough to dispose of the claims against her, it is worth noting that at no point did Stiehler possess the actual authority to engage in the First Amendment violations Plaintiff claims, nor did she personally participate in the decision to remove Plaintiff from the event. Her role was limited to reporting Plaintiff's disruptive conduct to library officials and security – as any event organizer might do – who then were tasked with the decision to remove Plaintiff. Accordingly, all claims against Stiehler must be dismissed as a matter of law.

Defendant further requests sanctions against Plaintiff and his counsel for reasons that will be explained herein.

## I. NATURE OF THE CASE

Plaintiff's lawsuit arises from an August 30, 2025 event hosted at the Topeka & Shawnee County Public Library and led by Loud Light, a private civic advocacy organization that operates in Kansas. Plaintiff alleges he was removed from the event at Stiehler's direction and in coordination with library and security officials after holding an anti-abortion sign (the contents of which are unknown) and making a gesture (raising his middle finger).

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard" requires more than "a sheer possibility that a defendant has acted unlawfully," and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Tenth Circuit applies a two-step process to analyze a motion to dismiss for failure to state a claim. The Court first "identif[ies] the allegations in the complaint that are not entitled to the assumption of truth." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Iqbal).* Then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.*

## III. STATEMENT OF ALLEGED FACTS

For the purposes of this motion only, Plaintiff's non-conclusory factual allegations may be presumed true. *Iqbal* at 662, 679-80. In his Complaint, Plaintiff asserts the following non-conclusory facts relevant to Stiehler:

Defendant Stiehler is a Loud Light staff member. Plaintiff's Complaint (ECF No. 1) ("Complaint") at ¶ 13. On the day in question, Stiehler was conducting a First Amendment informational presentation and told attendees that "obscene gestures could get you removed from this location." *Id.* After hearing this, Plaintiff raised his middle finger. Complaint at ¶ 16. Stiehler then asked Defendant Greg Gaul, the library's safety and security supervisor, to remove Plaintiff from the event. Complaint at ¶¶ 17, 19.

## IV. ARGUMENTS AND AUTHORITIES

Each claim against Defendant Stiehler – First Amendment content and viewpoint discrimination; Fourteenth Amendment Equal Protection (class of one); and conspiracy under 42 U.S.C. § 1983 – requires Defendant be a state actor. Stiehler is plainly and clearly not.

Plaintiff's complaint and its allegations against Stiehler must be dismissed.

### A. Merely being a business invitee on otherwise public property does not transform an event host into a state actor.

The state-action doctrine is a cornerstone of constitutional law, ensuring that constitutional protections apply only to governmental conduct or conduct fairly attributable to the state. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921 (2019). The Court in *Halleck* emphasized that the First Amendment restricts only governmental actors, and that merely hosting speech by others is not a traditional, exclusive public function that would transform a private entity into a state actor. *Id.* at 1928-30.

There are several pathways by which private conduct may be deemed state action:

(1) when the private entity performs a function traditionally and exclusively reserved to the state;
(2) when there is a close nexus or pervasive entwinement between the state and the private actor;
(3) when the state exercises coercive power or provides significant encouragement; and
(4) when the private actor is a willful participant in joint activity with the state.

*Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 296-302 (2001).

When a private entity provides a forum for speech, the private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor. The act of hosting is not a traditional, exclusive public function, and there is no state action absent additional facts showing joint participation, compulsion, or entwinement. For example, in *Lee v. Katz*, 276 F.3d 550 (9th Cir. 2002), the court distinguished between private entities with non-exclusive use of a public forum (not state actors) and those delegated exclusive control over speech regulation (potentially state actors). The key factor is whether the government has ceded ultimate authority over speech policies to the private entity. If the government retains regulatory power, the private host is not a state actor. *Id* at 556.

Here, no facts as pleaded give even the slightest rise to the idea Stiehler was a state actor during the event. Stiehler did not have the actual authority to remove patrons from the library, and all removal decisions were made by library security and police, not Stiehler. Moreover, there is no evidence of joint action with state officials that would otherwise be sufficient to convert her conduct into state action under the standards outlined above. Loud Light, and Stiehler, are private entities who merely used a library to host a civic engagement event. By no stretch of the

imagination does this equate the organization or Stiehler to government actors for purposes of the First Amendment or 42 U.S.C. § 1983.

It is Defendant Stiehler's position that her status as a private citizen, not a state actor, is wholly sufficient to dismiss the claims against her in this matter. However, if the Court wishes for further briefing as to Stiehler's position on the individual claims levied against her, she is happy to provide such briefing expeditiously.

**B. Sanctions are appropriate in this case.**

Under the "American Rule" governing respective financial burdens of litigating civil claims, a prevailing party is not entitled to collect attorney fees from the losing party. *U.S. v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983)). However, courts recognize a "narrow exception" to the American Rule which allows a trial court, in its discretion, to award attorney fees when a party's opponent acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sterling Energy Ltd. V. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984).

A party acts in bad faith only when the claim brought "is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Id.* at 1436 (quoting *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977). While Defendant Stiehler cannot speak to the entire or true motivations of Plaintiff in filing his Complaint, it strains credulity to think that a complaint containing causes of action that a first-semester Constitutional Law student would know are improper is anything other than a complaint entirely without color, brought wantonly and for the purposes of harassment or delay.

Defendant also points the Court toward recent similar cases in which counsel for Plaintiff, and Plaintiff himself, have sought to assert markedly similar claims against other governmental entities and individuals – all of which have been summarily dismissed. *See Eravi v. City Commission of Lawrence, Kansas et al* (5:24-cv-04042-DDC-RES); *Spiehs v. Morgan et al* (5:24-cv-04016-JAR-BGS); and *Eravi v. City of Lawrence et al* (5:23-cv-04109-JAR-GEB). Yet Plaintiff and his counsel continue to persist in the filing of utterly frivolous claims despite this Court's sound and clear rejection of their apparent theories of the First Amendment and 42 U.S.C. § 1983.

As such, Defendant Stiehler seeks sanctions by this Court in the form of attorney fees in the amount of $10,000.00 for the expenses incurred in responding to this otherwise frivolous Petition, or in the alternative a show cause order pursuant to Rule 11(c) of the Fed. R. Civ. P. for Plaintiff's attorney to show cause why the conduct does not clearly violate Rule 11(b).

Respectfully submitted,

*/s/ Conner Mitchell*
Conner Mitchell, D. Kan. #79215
Grissom Miller Law Firm, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
cam@grissommiller.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing was filed on this 11th day of February, 2026, via the Court's CM/ECF eFiling system, providing notice and a copy of the same to all counsel of record.

*/s/ Conner Mitchell*