**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JUSTIN SPIEHS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:25-cv-04117-TC-BGS** |
| | ) | |
| **MELISSA STIEHLER, et al** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MELISSA STIEHLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Like the Complaint itself, Plaintiff's opposition to Stiehler's Motion to Dismiss is riddled with both misstatements of law and the reiteration of conclusory statements that this Court is not required to accept as true, even for the purposes of a Fed. R. Civ. Pro. 12(b)(6) motion.

Stiehler reiterates and incorporates by reference all arguments made in her Memorandum in Support of her Motion to Dismiss, including the request for sanctions against Plaintiff and his counsel. The following points from Plaintiff's opposition merit examination:

**A. The Court is only required to accept as true the *non-conclusory* statements from the Complaint; the Complaint itself contains mostly (incorrect) conclusory statements.**

Plaintiff's Complaint includes 31 paragraphs within its Statement of Fact section. Thirteen of the paragraphs involve conduct attributed to Defendant Stiehler. Of those 13 paragraphs, at best, nine appear to state conclusions, legal or otherwise, which the Court is *not* required to accept as true under the standards in *Iqbal,* 556 U.S. 662, 679-80 (2009).

The only facts which need be presumed true from Plaintiff's Complaint are those in Defendant Stiehler's Memorandum in Support of her Motion to Dismiss: she is a staffer at Loud

Light, a private civic engagement organization; she was conducting a First Amendment informational presentation at the Topeka & Shawnee County Public Library, and informed attendees that obscene gestures could result in one's removal from the venue. Plaintiff, carrying an unspecified anti-abortion sign, then silently raised his middle finger, and Stiehler "directed" the library's safety and security director to remove Plaintiff from the event.

As more fully explained in Stiehler's Memorandum, there are no factual statements in the Complaint that give even the slightest inkling that her status was transformed from private citizen to a state actor for purposes of the charges against her – even when viewed in the light most favorable to the Plaintiff.

As such, the charges against Stiehler must be dismissed.

**B. Plaintiff's analysis of the "four tests" lacks substance, relies only on conclusory statements, and should be given no credence.**

This case remains abundantly clear and should be expeditiously dismissed because Stiehler was not a state actor during the event in question and is not a state actor in general. However, for the sake of argument, Defendant Stiehler will attempt to sift through Plaintiff's brief analysis of the supposed four tests which transformed her into a state actor.

***The Nexis Test is wholly irrelevant.***

By Plaintiff's own admission, "nexus exists only when a state has exercised **coercive** power over the challenged activity." *Plaintiff's Opposition at 4 (citing Wittner v. Banner Health* 720 F.3d 770, 775 (10th Cir. 2013)). Plaintiff makes no effort to explain where coercive power existed, who the state supposedly exercised coercive power over, or otherwise explain how this test applies (because it does not).

***The Joint Action Test has not been adequately pleaded.***

The Joint Action test is satisfied when state officials and the private party act in concert in effectuating the particular depravation of constitutional rights. *Wittner* at 777. Plaintiff's only argument in this section is that "Stopping Dr. Spiehs from silently showing a finger violated his Constitutional rights which stopping that gesture was the specific goal." *Plaintiff's Opposition at 4.* This nonsensical argument appears to have nothing to do with the Joint Action test, and no **facts** (meaning non-conclusory statements) as otherwise pleaded in Plaintiff's Complaint give rise to the idea Stiehler and the actual state actor at play acted in concert to deprive Plaintiff's constitutional rights.

***The Public Function Test is not at play.***

If the state delegates to a private party a function traditionally exclusively reserved to the State, then the private party is necessarily a state actor. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974). In this section of his argument, Plaintiff offers a two-sentence and admittedly confusing argument that Stiehler directing authorities to remove Plaintiff from the event is a "traditional and exclusive function of the State."

Even if that were true, it is not the standard of the public function test. **Nothing** in Plaintiff's Complaint indicates or otherwise proves the state delegated to Stiehler the power to remove people from the event. By Plaintiff's own admission, the authorities removed Plaintiff from the event, not Stiehler personally. Therefore, the public function test cannot possibly be satisfied.

***There is no interdependence that would satisfy the Symbiotic Relationship Test.***

The final test is satisfied when the state "has so far insinuated itself into a position of interdependence with a private party that 'it must be recognized as a joint participant in the

challenged activity.'" *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961). There, again, is no substantive analysis for Defendant to even respond to. Plaintiff states only "Stiehler stated the rule, cited Dr. Spiehs as violating her rule, and then directed the State to stop the gesture and remove Dr. Spiehs from public property." *Plaintiff Opposition at 4.* There is no explanation, and nothing in Plaintiff's Complaint, to indicate how the **state** possibly became interdependent with Stiehler or Loud Light merely because it was hosting a civic engagement event.

## CONCLUSION

As Defendant Stiehler explains further in her Motion to Dismiss, the claims against her are shockingly and utterly frivolous, have no legal standing, and should be dismissed along with sanctions issued on the Plaintiff and his counsel.

Respectfully submitted,

*/s/ Conner Mitchell*
Conner Mitchell, D. Kan. #79215
Grissom Miller Law Firm, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
cam@grissommiller.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing was filed on this 20th day of February, 2026, via the Court's CM/ECF eFiling system, providing notice and a copy of the same to all counsel of record.

*/s/ Conner Mitchell*