**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JUSTIN SPIEHS,

      Plaintiff,

      v.

TOPEKA & SHAWNEE COUNTY PUBLIC
LIBRARY, GREG GAUL, AND MELISA
STIEHLER,

      Defendants.

Case No. 25-4117-TC-BGS

## <u>SCHEDULING ORDER</u>

On April 29, 2026 U.S. Magistrate Judge Brooks G. Severson conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Justin Spiehs appeared through counsel Linus Baker by phone. Defendant Melisa Stiehler appeared through counsel Jake Miller, by phone. Defendants Topeka & Shawnee County Public Library and Greg Gaul appeared through counsel Lawrence Logback, by phone.

Following is a brief summary of the nature of the case:

*Plaintiff asserts 42 U.S.C. § 1983 claims against Defendants Topeka & Shawnee County Public Library, Greg Gaul, and Melisa Stiehler. Plaintiff's claims arise from a sustained pattern of censorship, retaliation, and police-enforced trespass actions that chilled his protected expressive activity, culminating in his removal from a public library meeting room and a six-month ban imposed without lawful authority, standards, or due process. Defendants deny plaintiff's claims.*

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **May 11, 2026** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **May 11, 2026** |
| Plaintiff's settlement proposal | **May 13, 2026** |
| Exchange of initial disclosure document | **May 18, 2026** |
| Defendant's settlement counter-proposal | **June 15, 2026** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **July 8, 2026** |
| Comparative fault identification | **N/A** |
| Motions to amend | **June 8, 2026** |
| Mediation completed | **October 29, 2026** |
| Affirmative Experts disclosed | **August 24, 2026** |
| Physical and mental examinations | **N/A** |
| Rebuttal experts disclosed | **October 9, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **November 9, 2026** |
| Proposed pretrial order due | **December 7, 2026** |
| Pretrial conference | **December 17, 2026  10:00 am** |
| Potentially dispositive motions (e.g., summary judgment) | **January 14, 2027** |
| Motions challenging admissibility of expert testimony | **January 14, 2027** |
| Trial — ETT 5 days | **October 5, 2027  9:00 a.m** |

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation.  Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **May 13, 2026**.  Defendant must make a good-faith counter-proposal by **June 15, 2026.** By **July 8, 2026**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.*  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. [Absent further order of the court, mediation is ordered no later than **October 29, 2026**.  Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2. **Discovery.**

     **a.**     The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). Rule 26 documents are to be exchanged on or before **May 18, 2026**. In addition, such supplemental disclosures must be served on a rolling basis and 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

     **b.**     All discovery must be commenced or served in time to be completed by **November 9, 2026.**

     **c.**     The parties agree that principles of comparative fault do not apply.

     **d.**     Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: from the party with an affirmative claim by **August 24, 2026** and rebuttal experts by **October 9, 2026.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort

4

to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

e.     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not likely appropriate in this case.   If a party determines it will be necessary, they must complete the exam and provide a report by the date of their expert deadline.

f.     Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

The parties are responsible for searching ESI for relevant documents and information in connection with discovery requests.

The parties agree that all documents or other ESI produced by either party shall initially be produced in identical PDFs and MP4 for videos except that the parties reserve the right to request that any emails be produced in electronic format. The parties will then review such requests on a case-by-case basis. The parties agree to work cooperatively to resolve any such issues with emails to the extent possible.

ESI will be exchanged via sharing software or a portable storage device.

g.     Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:  the parties anticipate relying on the procedures described in the Court's form protective order (or a similar protective order) that will be submitted as a proposed order to the Court.

h.     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:  None.

i.     Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed

protective order by **May 11, 2026**.  This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **May 11, 2026**.  The parties will be required to contact the Court to set a telephone conference prior to filing a motion relating to a disputed protective order.

**j.**      The parties  do  consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

**k.**      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.  Motions.**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 8, 2026.**

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **January 14, 2027.** The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*https://ksd.uscourts.gov/file/326.*

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **January 14, 2027**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this

conference.   Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.** **Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **December 17, 2026, at 10:00 a.m.** by telephone (316/402-0044; access code 485 069 538); however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **December 7, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect the jury trial of this case to take approximately 5 trial days. This case is set for trial beginning on **October 5, 2027, at 9:00 a.m.** in Topeka, Kansas.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.

**c.**      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.**      This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated April 29, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON_____
Brooks G. Severson
U.S. Magistrate Judge

9